MCGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>AUGUSTINE AMON REYES,<br><br>           Defendant. | Case No.  1:17-cr-00153 DAD<br><br>**THE UNITED STATES' SENTENCING MEMORANDUM AND FORMAL RESPONSE TO PRESENTENCE INVESTIGATION REPORT**<br><br>Date: September 30, 2019<br>Time: 10:00 a.m.<br>Judge: Hon. Dale A. Drozd |

**I.      INTRODUCTION**

On June 15, 2017, the grand jury returned a two-count indictment against defendant Augustine Amon Reyes ("defendant"), charging him with one count of Receipt of Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(2) (Count One), as well as an additional count of Possession of Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Two).  Dkt. 1.  The indictment also contained a Notice of Prior Conviction, whereby it provided notice of defendant's 2009 conviction under California Penal Code, Section 288(a) (lewd and lascivious act with child under age 14) within the Inyo County (Ca.) Superior Court.  Id.

On July 10, 2019, defendant pleaded guilty in open court to Count One of the indictment, receipt of material involving the sexual exploitation of minors.  Dkt. 27.  Defendant's guilty plea followed the parties' filing a Rule 11(c) plea agreement on July 3, 2019.  Dkts. 25 and 27.  At the change of plea hearing, the court scheduled the sentencing hearing to take place on September 30, 2019.  Dkt. 27.

United States Probation issued a draft Presentence Investigation Report ("PSR") on August 19, 2019, and filed its final PSR on September 9, 2019. Dkts. 30 and 31. U.S. Probation's application of the sentencing guidelines coincides with the parties' agreed applicable guidelines as set forth in the plea agreement.

## II.     APPLICABLE GUIDELINES CALCULATIONS

Within the parties' plea agreement, the parties agreed to an adjusted sentencing guidelines level twenty-eight (**28**). Dkt. 25, paras. 3(g)-(h), 4(a)-(b). As set forth in detail within the plea agreement and pursuant to Section 2G2.2 of the Sentencing Guidelines (2018), these agreed guidelines include the following components:

1. **A base offense level** of twenty (**20**) because the defendant pleaded guilty to and would be convicted of receipt of child pornography (§ 2G2.2(a)(2) and (b)(1));

2. *Plus* the following sentencing enhancements:

    a. two (**2**) levels because the defendant received sexually explicit images of prepubescent minors and/or children under twelve (12) years of age (2G2.2(b)(2));

    b. five (**5**) levels because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor (§2G2.2(b)(5));

    c. two (**2**) levels because the offense involved the use of a computer (§ 2G2.2(b)(6)); and;

    d. two (**2**) levels because the offense involved defendant's receipt of at least 10 images, but fewer than 150 images.  (§ 2G2.2(b)(7)(A)).

3. *Minus*:

    a. Three (**3**) levels pursuant to defendant's acceptance of responsibility (§ 3E1.1 – Plea Agreement, para. 4(b)), for an adjusted universally agreed applicable sentencing level of twenty-eight (**28**).

Plea Agreement, paras. 3(g) and (h) and 4(a) and (b) (Dkt. 28).

The PSR likewise applies each of the above sentencing provisions in this case. Dkt. 31, paras. 20-34. As such, the PSR also contemplates an adjusted sentencing level of twenty-eight (28). Dkt. 31, para. 34. In light of the PSR's determining defendant's criminal history to be category III (paras. 36-43), his *default* applicable guideline range is 97-121 months. In this case, however, defendant's

statutory mandatory minimum sentence for pleading guilty to Count One is fifteen years (180 months), resulting in an applicable sentencing range of **180 months**. 18 U.S.C. § 2252(b)(1). Both the parties and U.S. Probation agree that an appropriate term of incarceration for defendant in this case is a statutory minimum and guideline term of **180 months**.

### III. THE GUIDELINES AND § 3553(A) FACTORS SUGGEST THE PARAMETERS OF A <u>REASONABLE SENTENCE</u>

Whereas the Sentencing Guidelines were once "mandatory", they must now be consulted in an "advisory" capacity in that a sentencing court now must also consider factors outlined at 18 U.S.C. § 3553(a). Those factors include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed

    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) To afford adequate deterrence to criminal conduct;

    (C) To protect the public from further crimes of the defendant; and

    (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established for

    (A) The applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines issued by the Sentencing Commission…

(5) Any pertinent policy statement -

    (A) Issued by the Sentencing Commission . . .

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) The need to provide restitution to any victims of the offense.

Here, consideration of the factors identified within 18 U.S.C. § 3553(a) supports a guideline imprisonment term of 180 months. From a macro perspective, subsections (3) and (4) provide that the

court "shall consider . . . the kinds of sentences available" and "the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant, as set forth in the guidelines." Subsection (5) requires a court to consider "any pertinent policy statement ... issued by the Sentencing Commission."

Perhaps the most important factors in this case relevant to the court's analysis in determining a reasonable sentence for defendant are subsections (2) and (6) of 18 U.S.C. § 3553(a). Subsection (2) requires the court to consider the need to "reflect the seriousness of the offense", "afford adequate deterrence" and "protect the public." In the case of child exploitation prosecutions, the government has a compelling interest to protect children from those who exploit them. As justification for the imposition of significant sentences in child exploitation offenses, the Supreme Court has held "the prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." New York v. Ferber, 458 U.S. 747, 757 (1982). Here, defendant's 2009 conviction in state court pursuant to sexually abusing each of his 3 and 5 year-old nephews suggest a guideline term of imprisonment is appropriate, particularly in light of the fact that his criminal conduct underlying his conviction in *this case* took place while still on parole pursuant to his prior conviction. While the government acknowledges that defendant appears to have had a challenging upbringing, he has been sexually exploiting children for the past ten years, and violated his parole on no less than four occasions.

Subsection (6) addresses the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." This makes sense, because imposing a sentence on defendant that is heavier than this court has imposed on those who the government could prove committed similar conduct is unfair to defendant, and a sentence imposed on this defendant that conversely is lighter than other similarly situated defendants is unfair them. Accordingly, the government asks the court to endorse the parties' and U.S. Probation's recommendation of a 180-month term of incarceration.

IV.  **THE PARTIES ENDORSE U.S. PROBATION'S RECOMMENDATION THAT THE COURT IMPOSE A 10-YEAR TERM OF SUPERVISED RELEASE**

In light of defendant's conviction under 18 U.S.C. § 2252(a)(2), the statutory range of defendant's applicable term of supervised is 5 years to LIFE. 18 U.S.C. § 3583(k). In light of the

equities weighed in this case, U.S. Probation recommends the court to impose on defendant a ten-year term of supervised release. Dkt. 31, p. 18. The parties agreed to this same term of supervised release within the plea agreement. Dkt. 25, paras. 3(j) and 4(e).

## V. RESTITUTION

"[T]he court shall order restitution" pursuant to convictions of crimes including those committed in violation of 18 U.S.C. § 2252(a). 18 U.S.C. § 2259(a). "The order of restitution … shall direct the defendant to pay the victim … the full amount of the victim's losses as determined by the court." 18 U.S.C. § 2259(b)(1). The issuance of a restitution order under Section 2259 is indeed mandatory. 18 U.S.C. § 2259(b)(4)(A).

The term "full amount of the victim's losses" includes any costs incurred by the victim for:

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) attorneys' fees, as well as other costs incurred; and

(F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3)(A) through (F).

Federal courts may order restitution to the extent authorized by statute. United States v. Kennedy, 643 F.3d 1251, 1260 (9th Cir. 2011) (citing United States v. Gossi, 608 F.3d 574, 577 (9th Cir. 2010)). Section 2259 is the statutory mechanism that allows for a restitution order regarding this action's known victim who made a restitution claim, and regarding those losses and other harms caused by the offense of conviction. Paroline v. United States, 134 S.Ct. 1710, 1720 (2014). The burden is on the government to establish, by a preponderance of the evidence, the existence of a causal connection between the victim's losses and the defendant's conduct in order to meet the requirements of § 2259. Kennedy, 643 F.3d at 1262. If it is impossible to trace a particular amount of a victim's claimed losses to an individual defendant, then sentencing court applying § 2259 should order a restitution amount comporting with defendant's relative role in the causal process that underlay the victim's general losses. Paroline, 134 S.Ct. at 1715.

In addition, in United States v. Galan, 804 F.3d 1287 (9th Cir. 2015), the court held that a person who participates in the distribution, receipt or possession of child pornography cannot be required to pay restitution for losses caused by the original abuser's actions; instead, the losses must be disaggregated. Id. at 1290-91; See also United States v. Grovo, 826 F.3d 1207, 1222 (9th Cir. 2016). The Galan court provided examples of factors that may affect the apportionment, or disaggregation, in a particular case: "egregiousness of the original abuse; how a victim can (or does) cope with that kinds of abuse when distribution of images does not follow; and the particular victim's own reactions to the various traumas to which the victim has been subjected." Galan, 804 F.3d at 1291. The court further noted that "precision is neither expected nor required" in apportioning the losses, and that "the ultimate question will be a mix of 'discretion and estimation.'" Id. (quoting Paroline v. United States, 134 S.Ct. 1710, 1729 (2014)).

In its August 21, 2019 informal response to the draft PSR, the government notified U.S. Probation of its receiving the following restitution request from "Jenny", a known victim in this case, and on the following date:

(1) On December 20, 2018, the government received a detailed presentation, including cover letter and supporting documents, from counsel for the "Jenny" victim within the Jenny child pornography series, in which "Jenny" seeks "no less than $3,000" in restitution from defendant. Dkt. 31-2, p. 2.

U.S. Probation attached to its final PSR the documents provided by Jenny's counsel in support of her restitution claim. In light of her request, the government seeks at least $3,000 in restitution on behalf of known minor victim "Jenny" in this case. The government is likewise aware of this court's prior restitution awards issued in other child pornography cases. If the court is not inclined to order restitution to the above victim at or near the requested amount, the government asks the court to issue restitution awards consistent with those issued in prior cases involving similar conduct and similarly-situated victims.

If the court determines that it needs additional information prior to ruling on any of the above restitution requests, then the government asks that a restitution hearing be set within 90 days of the sentencing hearing, without affecting any other component of the court's sentence and judgment, as

THE UNITED STATES' SENTENCING MEMORANDUM AND FORMAL RESPONSE TO PRESENTENCE INVESTIGATION REPORT

6

authorized by 18 U.S.C. § 3664(d)(5).

## VI. SPECIAL ASSESSMENT

Within the plea agreement, the parties agreed that the penalty assessment defendant faces pursuant to his conviction in this case is $5,100. Doc. 25, at 9:1-4. There are two statutory components to this assessment, namely: (1) $100, since this defendant is an individual and he pleaded guilty to a felony count (18 U.S.C. § 3013(a)(2)(A)); and (2) $5,000, since the count to which defendant pleaded guilty was located within Chapter 110 of Title 18 of the United States Code (18 U.S.C. § 3014(a)(3)).

The government asks the court order defendant to separately pay each of the above penalty assessments, since they involve separate time-periods through which they must be paid.  Specifically, the $100 assessment must be paid within "five years after the date of the judgment."  18 U.S.C. § 3013(c).  Defendant's obligation to pay the $5,000 assessment issued through the Justice for Victims of Trafficking Act, however, "shall not cease until the assessment is paid in full."  18 U.S.C. § 3014(g).

## VII. CONCLUSION

Based on the evidence underlying the parties' plea agreement and U.S. Probation's PSR, the government respectfully requests that the Court sentence defendant to the parties' and U.S. Probation's recommended 180-month term of imprisonment, followed by a 120-month term of supervise release. The government further requests the court to impose a special assessment in the amount of $5,100, and award restitution to known victim "Jenny" in an amount no less than $3,000.

Dated:  September 13, 2019

McGREGOR W. SCOTT
United States Attorney

By: /s/ Brian W. Enos
Brian W. Enos
Assistant United States Attorney